UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

MAURICIO MACK GILL,
　　　　　　　*Defendant-Appellant.*

No. 00-4533

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-98-54)

Submitted: February 9, 2001

Decided: March 12, 2001

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Brett D. Lucas, GABRIEL & ASSOCIATES, P.C., Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Mauricio Mack Gill appeals his conviction and sentence of 130 months after a jury found him guilty of possession of cocaine base with intent to distribute and using and carrying a firearm in connection with drug trafficking in violation of 28 U.S.C. § 841(a)(1) (1994), and 18 U.S.C.A. § 924(c)(1) (West 2000). We affirm.

Gill was arrested following an investigatory traffic stop that led to the discovery of over eleven grams of cocaine base, a pager, a cell phone, an electronic scale and $2,452.90 in cash. Gill moved to suppress the evidence that resulted from the search following his arrest. Our review of the record convinces us that the investigatory stop was properly based on reasonable suspicion provided by a tip from an informant known to the police officer and independent investigation carried out by that officer. *Adams v. Williams*, 407 U.S. 143, 146-47 (1972).

Our review of the record convinces us that there was sufficient evidence to establish Gill's guilt beyond a reasonable doubt of possession of cocaine base with the intent to distribute. The possession of eleven grams of cocaine base is consistent with intent to distribute. *United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996) (5.72 grams of crack is a quantity sufficient to support intent to distribute). Coupled with the presence of a large sum of money, an electronic scale, a pager and a cell phone, there was sufficient evidence for a rational trier of fact to believe beyond a reasonable doubt that Gill possessed cocaine base with the intent to distribute. *United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990) (finding that the presence of drug packaging paraphernalia or quantity larger than needed for personal use sufficient to convict).

Finally Gill appeals the denial of his motion for a continuance to obtain new counsel. We find that Gill's motion was not timely, that the court adequately allowed Gill an opportunity to present his complaint about the counsel he had retained, and that there was sufficient communication between Gill and his attorney so that an adequate

defense could be presented. *See United States v. DeTemple*, 162 F.3d 279, 288 (4th Cir. 1998).

Accordingly, we affirm Gill's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*